UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WITZ,

    Plaintiff,

vs.                                                      Case No. 17-10916

FISHMAN GROUP, P.C., MARC A.              HON. AVERN COHN
FISHMAN,

    Defendants.
_____/

## MEMORANDUM AND ORDER
## DENYING DEFENDANTS' MOTION TO DISMISS (Doc. 13)[1]

### I. Introduction

This is a debt collection case. Plaintiff Michael Witz (Witz) is suing Marc A. Fishman (Fishman), an attorney, and Fishman Group, PC (Fishman Group), a law firm, (collectively the Fishman Defendants). Witz says that the Fishman Defendants improperly collected on a debt which had been discharged in bankruptcy.

Before the Court is the Fishman Defendants' motion to dismiss. For the reasons that follow, the motion is DENIED.

### II. Background

In 2011, Camelot Villa Macomb Township Park, LLC (Camelot Villa) through Fishman Group and Fishman, sued Witz to collect on a debt owed to it in the amount of $11,657.62. Camelot Villa later obtained a judgment against Witz on the debt. After all

---

[1]Although originally scheduled for hearing, upon review of the parties' papers the Court deems these matters appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

of this happened, on November 25, 2015, Witz filed for Chapter 7 Bankruptcy and included the debt to Camelot Villa in his bankruptcy filing. On March 1, 2016, Witz received a discharge.

Later in 2016, Witz's State of Michigan income tax return was garnished in the amount of $300.00 for the debt. The garnishment was signed by Fishman. On February 28, 2017, Witz received a notice from the Michigan Department of Treasury which stated that his income tax refund was being withheld in the amount of $781.00 based on Camelot Villa's garnishment. This lawsuit followed.[2]

The Amended Complaint asserts the following claims against Fishman and the Fishman Group:

> Count III - Violations of the Fair Debt Collection Practices Act
>
> Count IV - Violation of the Michigan Occupational Code
>
> Count V - Violation of the Michigan Collection Practices Act

Before this court is the Fishman Defendants' motion to dismiss on the grounds that (1) Witz's bankruptcy was not properly discharged because Witz did not give notice of his bankruptcy to Camelot Villa and (2) Fishman cannot be held personally liable for the acts of the corporate entity, the Fishman Group.[3]

### III. Legal Standard

A Rule 12(b)(6) motion tests the sufficiency of a plaintiff's pleading. The Rule

---

[2] Witz originally sued Camelot Villa but later stipulated to dismiss it. (Doc. 16).

[3] The Fishman Defendants also mention that service was not "effective" and elaborate on the manner and method of service. Because the Fishman Defendants have not moved to dismiss on the grounds of improper service, no further discussion is necessary.

requires that a complaint "contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (internal citation omitted). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662; 129 S. Ct. 1937, 1949 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation."

"In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), th[e] Court may only consider 'the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice.'" Murray v. Geithner, 624 F. Supp. 2d 667, 671 (E.D. Mich. 2009) (citing 2 James Wm. Moore et al., Moore's Federal Practice 12.342 (3d ed. 2000)); see also Weiner v. Klais & Co., 108 F.3d 86, 89 (6th Cir. 1997) (holding that a document incorporated by reference in a complaint can be introduced by a defendant if it is not attached by plaintiff).

IV. Analysis

As an initial matter, Witz has agreed to dismiss Count IV, claiming a violation of the Michigan Occupational Code.

The Fishman Defendants first argue that the complaint must be dismissed because it fails to plead facts to show that Witz's debt to Camelot Villa was properly

3

discharged by the bankruptcy. An effective discharge of a debt in bankruptcy requires the debtor to provide a known creditor with "actual written notice of the debtor's bankruptcy filing." City of New York v. New York, N.H. & H.R. Co., 344 U.S. 293, 296 (1953).

Here, the Fishman Defendants contend that the complaint does not plead actual written notice to Camelot Villa. As such, Witz cannot establish that the debt to Camelot Villa was discharged. If it the debt was not properly discharged, the Fishman Defendants say that the garnishment could not plausibly be in violation of the law.

The Fishman Defendants' argument is not well-taken. Witz has alleged that the Fishman Defendants, on behalf of Camelot Villa, were given actual written notice of Witz's bankruptcy filing. The complaint alleges that Witz's bankruptcy attorney, the Sikorski Law Firm, "called Defendant Fishman Group and spoke with Marc Fishman" and informed him that Witz has filed for bankruptcy. (Doc. 8 at ¶ 11). The complaint further alleges that on February 18, 2016, Witz's bankruptcy attorney "faxed Mr. Witz's Notice of Chapter 7 Bankruptcy Case and Meeting of Creditors to Fishman Group." (Doc. 8, at ¶ 12.).

The Fishman Defendants contend that the notice was inadequate because a notice was sent to the wrong address for Camelot Villa. The Fishman Defendants also dispute that Witz's bankruptcy attorney called and spoke with Fishman directly as alleged in the complaint.

Regardless of whether the notice was sent to the correct address for Camelot Villa, the complaint alleges that notice was given to Camelot Villa through the Fishman Group and Fishman directly. Whether the notice to the Fishman Group is adequate

4

requires further factual development beyond the complaint.  At this point, the complaint alleges notice to Camelot Villa via the Fishman Defendants sufficient to survive a motion to dismiss.

B.  Fishman's Individual Liability

The Fishman Defendants next argue that Witz has not pled sufficient facts to present a plausible claim that Fishman may be individually liable for collecting a debt on behalf of Camelot Villa.  The Fishman Defendants argue that Fishman is protected by the corporate entity and the complaint does not establish that piercing the corporate veil under the alter ego doctrine is appropriate.  In support, the Fishman Defendants cite Ditty v. CheckRite, 973 F. Supp. 1320 (D. Utah 1997) for the proposition that "a lawyer cannot be held individually liable for the actions of his firm unless Plaintiff can successfully pierce the corporate veil."  (Doc. 13 at 7).

The Fishman Defendants' reliance on Ditty is misplaced.  The court in Ditty went on to say that an attorney "may be held personally liable under the FDCPA as a 'debt collector.'"  Ditty, 973 F. Supp. at 1338.  More significantly, the Sixth Circuit has held that an individual attorney at may be subject to individual liability for violations of the FDCPA if there is proof that the individual is a "debt collector" and "does not require piercing of the corporate veil."  Kistner v. Law Offices of Micheal P. Margelefsky, LLC, 518 F.3d 433, 437-38 (6th Cir. 2008).  The Sixth Circuit said that a debt collector is one who is "regularly engaged, directly and indirectly, in the collection of debts" which could include an attorney if the attorney is engaged in the practices of a debt collector.  Id. at 438.

As such, Witz is not required to plead facts to support of piercing the corporate

5

veil. Instead, Witz must allege facts to show that Fishman has regularly engaged, directly and indirectly, in the collection of debts such that he may be subject to individual liability. Witz has done so. The complaint alleges that "Fishman signed the garnishment request after being notified that Mr. Witz filed for Chapter 7 Bankruptcy." (Doc. 8 at ¶ 12). Additionally, the complaint alleges that Fishman "is the owner and president of Fishman Group," that "Fishman created the practices, policies and procedures of Fishman Group," and that Fishman Group "regularly engaged in the practice of collecting debts." Id. at ¶ 17, 18, 34. These allegations are enough to state a plausible claim for relief against Fishman individually as an alleged debt collector. Whether Witz will prevail on his claim against Fishman must await further factual development.

    SO ORDERED.

                                                                S/Avern Cohn
                                                                 AVERN COHN
                                                                 UNITED STATES DISTRICT JUDGE

Dated: August 7, 2017
       Detroit, Michigan